UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LETICIA TAVERA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 09-cv-0299 |
| § | |
| JACQUELINE HARLEY-BELL, Regional § | |
| Director, Passport Services Directorate, et § | |
| al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Amended Motion to Partially Dismiss Plaintiff's Complaint of Defendants (Doc. No. 5). The Court is of the opinion that this Motion should be granted.

### I.   BACKGROUND

Plaintiff brings this suit against the United States Department of State, various State Department officials in their official capacities, and the United States ("Defendants" collectively). Plaintiff alleges that she was born in Houston, Texas on December 20, 1987, with the services of a midwife who did not register the birth. (Pl. Compl, Doc. No. 1, ¶¶ 12-13.) In June 2007, she applied for a United States passport. (*Id*. ¶ 19.) On June 27 and November 13, 2007, Defendants requested that Plaintiff supplement her passport application by providing additional documentation demonstrating her birth within the United States such as hospital, medical, or insurance records. (*Id*. ¶ 20.) However, according to Plaintiff, she possesses none of these documents because "the family entered without inspection and could not afford these services." (*Id*. ¶ 20.) Plaintiff also claims

1

that she has been unable to locate the midwife who delivered her. (*Id.*) On February 23, 2008, Defendants notified Plaintiff that the passport application was being "filed without further action." (*Id.* ¶ 21.) Plaintiff then brought the current suit, seeking review of adverse agency action, and alleging that Defendants' refusal to issue her passport violates her due process and equal protection rights under the United States Constitution. Defendants now move to partially dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that several of Plaintiff's statutory claims fail for want of subject matter jurisdiction, and that portions of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

## II.     LEGAL STANDARD

### A.     Federal Rule 12(b)(1)

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

### B.     Federal Rule 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to

2

dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.    SUBJECT MATTER JURISDICTION

Defendants argue that all but one of the statutes on which Plaintiff relies constitute an invalid basis for the Court's exercise of jurisdiction. The Court will consider each of these statutes in turn.

### A.    Habeas Statute: 28 U.S.C. § 2241

The habeas statute provides district courts jurisdiction to grant writs of habeas corpus to those held in custody by the federal government in violation of the Constitution, laws, or treatises of the United States. 28 U.S.C. § 2241. To fall within the purview of the habeas statute, an individual must be "in custody" at the time that the habeas petition is filed. *Spencer v. Kemne*, 523 U.S. 1, 7 (1988); *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

Plaintiff appears to argue that Defendants' refusal to issue her a United States passport constitutes a degree of restraint that places her "in custody" of federal

3

authorities. Plaintiff is correct that a petitioner need not be in "present physical custody" at the time when a habeas petition is filed. *See Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). However, as Defendants point out, Plaintiff was, at the time of filing her Complaint, free to move about the United States without restriction. Plaintiff provides no information indicating that federal authorities have placed *any* restrictions on her right to movement, interstate travel, or on any other rights enjoyed by United States citizens.

In *Jones v. Cunningham*, the case on which Plaintiff relies, the Supreme Court held that a petitioner, a paroled former-prisoner, was in custody for purposes of the habeas statute because "the custody and control of the Parole Board involves significant restraints on petitioner's liberty" and because he was "confined by the parole order to a particular community, house, and job at the sufferance of his parole officer." *Jones*, 371 U.S. at 242. Here, by contrast, the federal government has imposed no conditions upon Plaintiff's freedom of movement, or placed restraints on her liberty. Indeed, every person within the United States must affirmatively apply and provide proof of citizenship in order receive a passport. Under Plaintiff's argument, every applicant who has been denied a passport for any reason has effectively been placed into custody for purposes of habeas. The Court cannot endorse this unpalatable result. Moreover, as Defendants correctly point out, the right to a passport and to travel internationally is not a fundamental right equivalent to the right to interstate travel. *See Haig v. Agee*, 453 U.S. 280, 307 (1981). As such, this Court holds it has no jurisdiction and Plaintiff cannot seek relief under 8 U.S.C. Section 2241, as she was not in custody at the time this suit was filed.

      **B.**      **Little Tucker Act: 28 U.S.C. § 1346(a)(2)**

The Little Tucker Act, 28 U.S.C. § 1346(a)(2) creates a limited waiver of sovereign immunity by giving district courts jurisdiction to entertain civil actions against the United States where the amount-in-controversy does not exceed $10,000. Courts have consistently held that this act waives sovereign immunity and vests federal courts with jurisdiction only for claims for monies owed, not for claims for declaratory judgment or equitable relief. *See, e.g.*, *Bowen v. Massachusetts*, 487 U.S. 879, 905 (1988) (noting that the Tucker Act did not confer power to grant equitable or perspective relief); *U.S. v. King*, 395 U.S. 1, 3 (1969). While it is true that Plaintiff seeks to recover costs and attorney's fees, which she claims do not exceed $10,000.00, she seeks only equitable relief for the alleged violations of her substantive rights. In other words, she makes no claim that the government owes her money damages, but rather seeks reimbursement of attorneys' fees only in the event that her substantive equitable claims are vindicated. The Court is unpersuaded that 28 U.S.C. Section 1346 is applicable absent a substantive basis for an award of money damages. The Court therefore holds that this provision cannot confer jurisdiction in this Court.

### C. Declaratory Judgment Act: 28 U.S.C. § 2201

The Declaratory Judgment Act, 28 U.S.C. § 2201 as a procedural statute, does not create an independent basis for district court jurisdiction, but rather provides an additional remedy where jurisdiction already exists. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). Plaintiff seeks declaratory relief based on the theory that she has been "denied rights and privileges claimed as a national of the United States within the meaning of 8 U.S.C. § 1503, by virtue of the denial of her application for United States Passport." She seeks a declaration that she is a U.S. citizen. Defendants

concede that 8 U.S.C. § 1503 is the only provision under which this Court's jurisdiction is proper, and that remedies under the Declaratory Judgment Act are available pursuant to this statute. However, this Court agrees that 28 U.S.C. § 2201 could not independently confer jurisdiction upon this Court absent some other statutory basis.

### D.     The Administrative Procedures Act

Plaintiff seeks review of adverse agency action under the Administrative Procedures Act. Plaintiff asserts that denying her application for a United States Passport was "arbitrary, capricious, and contrary to the law" within the meaning of 5 U.S.C. Section 703. Both Plaintiff and Defendants acknowledge that 8 U.S.C. Section § 1503 provides an alternative form of relief in this case to direct of review of agency action. However, the parties disagree as to whether this statutory alternative forecloses Plaintiff's assertion of jurisdiction under the APA.

5 U.S.C. Section 704 states that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. In other words, the APA's waiver of sovereign immunity is triggered only where there are no other judicial remedies available. Many courts have assessed the adequacy of alternative statutory remedies to determine whether they preclude challenges to agency action brought under the APA. *See El Rio Santa Cruz Neighborhood Health Center, Inc. v. U.S. Dept. of Health and Human Services*, 396 F.3d 1265, 1273-74 (D.C. Cir. 2005) (examining whether the relief available under 42 U.S.C. Section 233 was sufficient to preclude APA review of HHS actions and concluding that it was not). This determination appears to hinge on whether the alternative statutory remedies are "adequate" to redress the injury alleged, although the alternative need not be

6

"more effective" than APA review. *Council of and for the Blind of Delaware County Valley, Inc. v. Regan*, 709 F.2d 1521, 1532-1533 (D.C. Cir. 1983).

This Court holds that 8 U.S.C. § 1503(a) does indeed provide an adequate remedy to address Plaintiff's injuries such that review under the APA is precluded. Courts have acknowledged 8 U.S.C. § 1503(a) as a legitimate vehicle by which to seek judicial declaration of citizenship and entitlement to a passport. *See Patel v. Rice*, 403 F. Supp. 2d 560 (N.D. Tex. 2005). Therefore, under the explicit language of Section 704, because the relief that Plaintiff seeks may be directly sought through 8 U.S.C. § 1503(a), review of agency action under the APA is precluded.

### E.   Mandamus Act: 28 U.S.C. § 1361

Under the Mandamus Act, 28 U.S.C. § 1361, district courts have original jurisdiction over any action in the nature of mandamus to compel an agency to perform a non-discretionary duty owed to a plaintiff. However, this remedy is available only if Plaintiff has exhausted all other avenues of relief. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The precise question of whether mandamus is appropriate in light of the remedies available under 8 U.S.C. § 1503 has been definitely answered. In *Cartier v. Secretary of State*, the D.C. Circuit held that mandamus was an inappropriate remedy for contesting agency determinations as to nationality status, because the remedies afforded by 8 U.S.C. Section 1503 were "more than adequate." *Cartier*, 506 F.2d 191, 199 (D.C. Cir. 1974) (noting that mandamus is an "extraordinary remedy to be utilized only in the most compelling cases"). Accordingly, this Court holds that Plaintiff's request for a writ of mandamus is inappropriate and should be dismissed.

### IV.   FAILURE TO STATE A CLAIM: Rule 12(b)(6)

7

Defendants argue that Plaintiff fails to plead sufficient facts to support her constitutional claims based on violations of due process and equal protection. As to due process, this Court holds that denial of Plaintiff's passport application does not state a claim under the United States Constitution. Plaintiff was undoubtedly given the opportunity to submit her application and present her supporting documentation. She was twice notified of the deficiencies in her application and given the opportunity to cure them. Under both the facts as this case as well as applicable precedent, this Court holds that Plaintiff has not sufficiently alleged a due process violation under the Fifth Amendment. *See Rios-Valenzuela v. Department of Homeland Security*, 506 F.3d 393, 401 (5th Cir. 2007) (holding that no due process right "inheres naturally" in a claim to citizenship itself). This is particularly true since judicial review of Plaintiff's citizenship status remains available under 8 U.S.C. Section 1503(a).

Plaintiff also alleges that the denial of her passport application violates her right to equal protection as protected under the Fifth and Fourteenth Amendments, because this action constitutes discrimination based on the Hispanic tradition of having midwives in attendance at births. Because this case deals only with federal government action, the Fourteenth Amendment is inapplicable to Plaintiff's claims.

Under the Fifth Amendment, violation of Equal Protection requires an allegation of both discriminatory purpose as well as discriminatory impact. *Washington v. Davis*, 426 U.S. 229, 243-44 (1976). Here, there is no indication from the record that Defendants were aware that Plaintiff was birthed by a midwife, nor that her Hispanic heritage was at all a factor in the government's decision-making process. Therefore, Plaintiff has not sufficiently alleged discriminatory intent. Moreover, there is no indication that the fact

8

that Plaintiff was birthed with a midwife necessarily excluded her from being able to provide the documentation necessary to prove her citizenship. Indeed, the kind of documents requested by the State Department appear to have no relationship to the manner and circumstances in which Plaintiff's mother gave birth. As such, Plaintiff has failed to state a claim for violation of her equal protection rights.

Accordingly, this Court concludes that Plaintiff's constitutional allegations must be dismissed for failure to state a claim upon which relief can be granted. This Court does, however, retain jurisdiction over the portion of Plaintiff's Complaint alleging violations under 8 U.S.C. Section 1503(a).

## V.   CONCLUSION

For the reasons stated above, this Court holds that Defendants' Amended Motion for Partial Dismissal (Doc. No. 5) should be **GRANTED**. Defendants' original Motion for Partial Dismissal (Doc. No. 3) is **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED** this 31st day of March, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE